```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
CINDY R. MILLER               :    Civil No. 3:18CV01872(JCH)
                              :
v.                            :
                              :
YALE UNIVERSITY, et al.       :    January 9, 2019
                              :
------------------------------X
```

## SETTLEMENT CONFERENCE ORDER

This case is scheduled for an in-person settlement conference on **February 7, 2019, from 10:00 a.m. to 2:30 p.m.**, with the Honorable Sarah A. L. Merriam, United States Magistrate Judge.

The orders set forth herein are mandatory and required of all parties. While settlement conferences are often less formal than other court proceedings, the orders of the Court surrounding such conferences carry no less weight than any other Court order. In order for a settlement conference to be productive, the parties and the Court must be well-prepared in advance. The parties have consented to participate in a settlement conference. Accordingly, failure to comply fully, and in a timely fashion, with this order, and to engage in good faith settlement negotiations, may result in the imposition of sanctions by the Court, sua sponte. See, e.g., Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596 (8th Cir. 2001) (affirming award of monetary sanctions for "failing to prepare the required memorandum, deciding to send a corporate representative with limited authority to the [settlement] conference, and" other conduct); Francis v. Women's Obstetrics & Gynecology Grp., P.C., 144 F.R.D. 646, 649 (W.D.N.Y. 1992) (finding that "counsel's failure to prepare for the conference, his failure to confirm coverage and obtain authority from the carrier, and his failure to advise his opponent until the conference of coverage problems demonstrate counsels lack of preparation and his lack of good faith in the process" and imposing sanctions); Grenion v. Farmers Ins. Exch., No. 12CV3219(JS)(GRB), 2014 WL 1284635, at *7 (E.D.N.Y. Mar. 14, 2014) ("Defendant's efforts undermined the Court's process, imposing unnecessary costs upon its adversary and wasting the resources of the Court. As such, I find that defendant acted in bad faith, and an award of expenses and

sanctions is appropriate under Rule 16(f).").

The parties should expect to spend the entire day in the settlement conference, and should not schedule other matters for the same date without prior approval of the Court.

If a party comes to believe that a settlement conference would not be productive at this time, that party must file a motion on the docket seeking to reschedule the conference **at least ten days before the conference**. Any such motion must reflect the position of all other parties. If such a motion is filed, the parties should assume the conference will go forward until and unless the Court enters an order to the contrary.

**A.   PRE-CONFERENCE REQUIREMENTS**

**1. Demand & Offer**

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. **<u>Before the settlement conference, the parties are to make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counterproposals shall be made.</u>**

If the parties settle the case prior to the date of the conference, counsel shall notify the Court immediately.

If settlement is not achieved before the conference, the parties must be prepared to engage in further negotiation at the conference. Therefore, on or before **January 24, 2019,** plaintiff's counsel shall serve a formal, written settlement demand upon counsel for the defendant. The demand shall be accompanied by the plaintiff's analysis of damages. The damages analysis should contain "a computation of each category of damages claimed" and the underlying methodology "on which each computation is based, including [information] bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). If the defendant disagrees with the plaintiff's calculation of damages, the defendant's counsel shall respond to the plaintiff's analysis on or before **January 28, 2019.** The defendant shall make a formal, written settlement offer on or before **January 28, 2019.**

It is essential that prior to the conference, all parties receive notice of the material terms to any settlement

agreement. Therefore, **all pre-conference demands and offers must set forth any non-monetary terms proposed as part of settlement, such as confidentiality, non-disparagement, and/or the execution of a release which would extend beyond the claims brought in the complaint (i.e., a "global release").**

    **2. <u>Ex Parte</u> Settlement Statement**

On or before the close of business on **January 31, 2019**, each party shall provide to the undersigned, in confidence, a concise <u>ex parte</u> statement, **no longer than six (6) pages in length**. The statement must include:

    (a) a summary of settlement negotiations to date, including the parties' compliance with the requirement of pre-conference proposals and counterproposals and discussion of any obstacles or impediments to settlement;

    (b) a description of the disputed issues and evidence expected to be offered at trial;

    (c) a discussion of the party's damages analysis or response to opposing party's damages analysis;

    (d) a summary of any insurance coverage available to that party;

    (e) identification of any liens that may be asserted against a recovery;

    (f) an assessment of the strengths and weaknesses of each party's claims and defenses;

    (g) a list of all those who will attend the conference, including job titles if pertinent to the case; and

    (h) a representation that counsel has provided a copy of this Order to their clients, as required.

    **Each of these elements is required. Any party with a claim for damages must also provide a copy of its damages analysis to the Court with its <u>ex parte</u> statement.**

The <u>ex parte</u> statement may be accompanied by exhibits (<u>i.e.</u>, depositions, damages analysis, photographs, expert reports, medical records), within reason, if these would be of assistance to the Court. The statement should be emailed to

**SALM_settlement@ctd.uscourts.gov** before the close of business on **January 31, 2019**. If a party is unable to email the materials, the party may hand-deliver or mail the materials to Courtroom Deputy Andrew Caffrey at 141 Church Street, New Haven, Connecticut, but they must **arrive** on or before the deadline. Exhibits over 20 pages long must be mailed or delivered to Mr. Caffrey in addition to being provided by email.

**B.   PRESENCE OF PARTIES/PERSONS WITH AUTHORITY**

"Court-ordered mediation with each party physically present facilitates compromise and resolution, which saves the parties', the court's, and the public's resources[.]" Chancey v. Hartford Life & Acc. Ins. Co., 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011).

All parties are hereby **ORDERED** to be physically present at the conference. If a party is a legal entity, rather than an individual, a representative of the party **who is fully authorized to decide all matters pertaining to the case** must be physically present at the conference. The Court does **not** consider the appearing attorney to be a party representative for these purposes. Availability of a party by telephone is not permitted without express prior authorization of the Court. Authorization must be sought, in the form of a motion, on or before **January 24, 2019**, and must set forth (1) good cause for the request, and (2) all other parties' positions with regard to the request.

On or before **January 24, 2019**, counsel shall disclose in writing to all other parties a list of all those who will be attending the conference, including their job titles.

For a plaintiff, **"full authority"** means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms appropriate to the circumstances of the case.

For a defendant, **"full authority"** means final authority to commit a defendant to pay, in the representative's own discretion, without the need for further approval, a settlement amount appropriate to the circumstances of the case.

In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative **with full authority** to settle the case is also physically present at the conference.

The purpose of this requirement is to have in attendance a person with both the authority to exercise discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.

### C.   CONDUCT OF SETTLEMENT CONFERENCE

The purpose of the settlement conference is to facilitate resolution of this case, if that is appropriate. It will be conducted so that no party will be prejudiced in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party or to the trial judge, unless the party authorizes disclosure.

Each conference is tailored to the needs of the individual case. Generally, the conferences begin in open court on the record, but quickly move into separate, off the record, _ex parte_ sessions. The parties should be prepared to provide a brief presentation to the Court, outlining the factual and legal issues presented by the case. Should the parties fail to reach a settlement, the judge may discuss issues of remaining discovery, substantive motions, and other matters necessary to prepare the case for trial.

All statements made by the parties relating to the substance or merits of the case, whether written or oral, made solely during the settlement conference, shall be deemed confidential and shall not be admissible in evidence for _any_ reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as a hearing on a motion for sanctions regarding the settlement conference or a motion to enforce a settlement.

**Discussions between the parties and the Court while in _ex parte_ session are to be kept confidential by all participants.**

In the event that this matter does reach a final settlement, the Court may share basic information about the settlement conference with other judges in this District. This information may include, _inter alia_, the attendees at the conference, the settlement amount, and any distinctive features of the case.  However, no information about the settlement, or the conduct of the settlement conference, will be provided to anyone outside of the Court.

It is so ordered.

/s/
SARAH A. L. MERRIAM
United States Magistrate Judge

*All parties are advised to review the Court's cellular phone and laptop computer policies, available at <http://ctd.uscourts.gov/courthouse-security-policies-0>*