UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CINDY R. MILLER, ) | |
| ) | CIVIL ACTION NO.: |
| Plaintiff, ) | 3:18-cv-01872-JCH |
| ) | |
| v. ) | |
| ) | |
| YALE UNIVERSITY, YALE-NEW ) | |
| HAVEN HEALTH SERVICES ) | |
| CORPORATION, and YALE-NEW ) | |
| HAVEN HOSPITAL, ) | May 15, 2019 |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant Yale University ("Yale"), by and through its attorneys, McCarter & English, LLP, responds to the numbered paragraphs of Plaintiff's Complaint as follows:

**I.     INTRODUCTION**

1.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the matter of the allegations in Paragraph 1, except admits Plaintiff went to medical school, became a radiologist, and became a Yale University faculty member.

2.     Denies the allegations in Paragraph 2.

3.     Denies the allegations in Paragraph 3.

4.     Denies the allegations in Paragraph 4, except admits Plaintiff has filed a Complaint alleging disability discrimination under the ADA and CFEPA.

5.     The allegation in Paragraph 5 is a request for jury trial to which no response is required.

**II.     JURISDICTION AND VENUE**

6.     Admits the allegations in Paragraph 6.

7. Admits the allegations in Paragraph 7.

8. Admits the allegations in Paragraph 8.

### III. **PARTIES**

9. Admits the allegations in Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 10, except admits that Plaintiff has a form of muscular dystrophy that requires her to use a wheelchair.

11. Denies the allegations in Paragraph 11, except admits that certain employees of Yale University were aware that Dr. Miller had a form of muscular dystrophy and lacks knowledge or information sufficient to form a belief as to the truth of the matter as to what Yale-New Haven Health Services Corporation or Yale-New Haven Hospital (collectively "YNHH") knew.

12. Denies the allegations in Paragraph 12.

13. Admits that Yale University is a specially chartered and tax-exempt not-for-profit Connecticut corporation.

14. Admits the allegations in Paragraph 14.

15. Admits the allegations in Paragraph 15.

16. The allegations in Paragraph 16 are directed at another defendant and no response from Yale is required.

17. The allegations in Paragraph 17 are directed at another defendant and no response from Yale is required.

18. The allegations in Paragraph 18 are directed at another defendant and no response from Yale is required.

19. The allegations in Paragraph 19 are directed at another defendant and no response from Yale is required.

20. The allegations in Paragraph 20 are directed at another defendant and no response from Yale is required.

21. The allegations in Paragraph 21 are directed at another defendant and no response from Yale is required.

22. The allegations in Paragraph 22 are directed at another defendant and no response from Yale is required.

23. The allegations in Paragraph 25 are directed at other defendants and no response from Yale is required.

24. Denies the allegations in Paragraph 24, except admits that Plaintiff is an employee of Yale University.

25. The allegations in Paragraph 25 are directed at other defendants and no response from Yale is required.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Admits the allegations in Paragraph 26.

27. Denies the allegations in Paragraph 27.

28. The document speaks for itself.

29. Admits the allegations in Paragraph 29.

30. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding what Plaintiff intends to do with regard to amending her Complaint.

## IV. STATEMENT OF FACTS

31. Admits the allegations in Paragraph 31.

32. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32.

33. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33.

34. Denies the allegations in Paragraph 34, except admits that Plaintiff's appointment was in the Department of Radiology and that her assigned duties were as stated; avers the Plaintiff has been and remains unable to perform such duties as of the date of this Answer.

35. Denies the allegations in Paragraph 35 and avers that Plaintiff has been and remains unable to perform her clinical work at YNHH as of the date of this Answer.

36. Denies the allegations in Paragraph 36.

37. Admits the allegations in Paragraph 37.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 38.

39. Admits that Dr. Brink was chair of the Department of Radiology and Biomedical Imaging in 2004; lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the remaining allegations in Paragraph 39.

40. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 40.

41. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 41.

42. Admits the allegations in Paragraph 42.

43. Denies the allegations in Paragraph 43, except admits that having other Yale employees provide Plaintiff assistance in the bathroom was not an appropriate or reasonable accommodation and that Dr. Goodman so informed the Plaintiff.

44. Denies the allegations in Paragraph 44, except admits that Dr. Goodman told Plaintiff she would be placed on leave to allow her time to arrange for a personal care assistant to assist her with her bathroom needs.

45. Denies the allegations in Paragraph 45, except admits that Dr. Goodman agreed that Plaintiff's personal care assistant was the appropriate individual to assist her with her bathroom needs, and Dr. Goodman noted that the assistant would need to be in close proximity to the worksite to be effective as such an assistant.

46. Denies the allegations in Paragraph 46 that the arrangement was not workable, and lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the remaining allegations in Paragraph 46.

47. Admits the allegations in Paragraph 47.

48. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 48.

49. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 49.

50. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 50.

51. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 50.

52. Denies the allegations in Paragraph 52, except admits Dr. Geschwind left Yale University on June 1, 2017, and Dr. Goodman was named the Interim Chair of the Department.

53. Denies the allegations in Paragraph 53, except admits Plaintiff was placed on paid administrative leave by Yale University in May 2017.

54. Admits the allegations in Paragraph 54.

55. Denies the allegations in Paragraph 55.

56. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 56.

57. Denies the allegations in Paragraph 57.

58. Denies the allegations in Paragraph 58.

59. Denies the allegations in Paragraph 59.

60. Denies the allegations in Paragraph 60, except admits that Plaintiff received the specific awards referenced.

61. Admits the allegations in Paragraph 61, and avers that no faculty members in the Department of Radiology and Biomedical Imaging receive formal performance evaluations.

62. Denies the allegations in Paragraph 62 to the extent they imply Plaintiff was an employee of YNHH, admits that among other duties, Plaintiff's duties included reviewing plain films and CT scans.

63. Lacks knowledge or information sufficient to form a belief as to the specific allegations in Paragraph 63, except admits that Plaintiff was told that she had missed findings and that her authority to read CT scans was being revoked absent an acceptable remediation plan which would enable her to perform the essential functions of her position.

64. Denies the allegations in Paragraph 64 because it suggests an acceptable remediation plan was even available which inference is denied.

65. Denies the allegations in Paragraph 65, except admits that for a short period of time Plaintiff read plain films.

66. Denies the allegations in Paragraph 66 to the extent it refers back to the allegations in Paragraph 65, but admits the remaining allegations in Paragraph 66.

67. Denies the allegations in Paragraph 67.

68. Admits the allegations in Paragraph 68.

69. Denies the allegations in Paragraph 69.

70. Admits the allegations in Paragraph 70.

71. Denies the allegations in Paragraph 71, except admits that Plaintiff was told that the results of the external testing would be provided to the IPQPRC.

72. Denies the allegations in Paragraph 72.

73. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 73, except admits Plaintiff presented documents purported to be testing by her provider.

74. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74.

75. Admits the allegations in Paragraph 75.

76. Denies the allegations in Paragraph 76.

77. Denies the allegations in Paragraph 77.

78. Admits the allegations in Paragraph 78.

ME1 30450776v.1

79. Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding what Dr. Balczeak said, admits that Plaintiff met with Drs. Goodman and Balczeak.

80. The allegations in Paragraph 80 do not relate to Yale University and no response is required.

81. The allegations in Paragraph 81 do not relate to Yale University and no response is required.

82. The allegations in Paragraph 82 do not relate to Yale University and no response is required.

83. Denies the allegations in Paragraph 83, except admits that Dr. Goodman offered Plaintiff the option of changing her medical staff status to "refer and follow," and the refer and follow form speaks for itself.

84. Denies the allegations in Paragraph 84, and avers that the form speaks for itself.

85. Denies the allegations in Paragraph 85, except admits that Plaintiff and Dr. Goodman had a discussion about the difference between clinical and non-clinical facility salaries, which included reference to the base salary for a non-clinical facility position.

86. Denies the allegations in Paragraph 86, except admits that Dr. Goodman provided Plaintiff with the requested contact information to discuss the availability of disability benefits.

87. Denies the allegations in Paragraph 87.

88. Denies the allegations in Paragraph 88 to the extent it implies Plaintiff told Dr. Goodman she refused to sign the form, admits Plaintiff never returned the form and chose instead to allow her privileges to lapse.

89. The allegations in Paragraph 89 do not relate to Yale University and no response is required.

90. Denies the allegations in Paragraph 90, except admits that Plaintiff's salary was reduced commensurate with her inability to perform clinical duties.

91. Denies the allegations in Paragraph 91.

92. Denies the allegations in Paragraph 92 as they pertain to Yale University; lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 92.

93. Admits the allegations in Paragraph 93.

94. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 94, except avers that any document concerning notice of services speaks for itself.

95. The allegations in Paragraph 95 are legal conclusions to which no response is required.

96. Denies the allegations in Paragraph 96; avers that any salary reduction sustained by Plaintiff was caused by her inability to perform her clinical duties in a manner that did not pose a direct threat to the patients whose films and CT scans she was interpreting.

97. Denies the allegations in Paragraph 97, except avers Plaintiff's clinical privileges lapsed on December 31, 2017.

98. Denies that Dr. Goodman's letter to Plaintiff was in response to Plaintiff's filing of her administrative complaint, but admits the content of the letter and avers that the document speaks for itself.

99. Denies the allegations in Paragraph 99.

V. **LEGAL CLAIMS**

**FIRST CLAIM FOR RELIEF:**
**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,**
**42 U.S.C. § 12112,**
**as to YALE UNIVERSITY**

100. Yale University incorporates by reference its answers to all preceding allegations as if fully pled in this Count.

101. Denies the allegations in Paragraph 101.

102. Denies the allegations in Paragraph 102.

103. Denies the allegations in Paragraph 103.

**SECOND CLAIM FOR RELIEF:**
**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60(b)(1),**
**as to YALE UNIVERSITY**

104. Yale University incorporates by reference its answers to all preceding allegations as if fully pled in this Count.

105. Denies the allegations in Paragraph 105.

106. Denies the allegations in Paragraph 106.

**THIRD CLAIM FOR RELIEF:**
**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,**
**42 U.S.C. § 12112,**
**as to YALE-NEW HAVEN HEALTH SERVICES CORPORATION**

107. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

108. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

109. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

110. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

### FOURTH CLAIM FOR RELIEF:
### DISABILITY DISCRIMINATION,
### IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. § 46a-60(b)(1),
### as to YALE-NEW HAVEN HEALTH SERVICES CORPORATION

111. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

112. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

113. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

### FIFTH CLAIM FOR RELIEF:
### DISABILITY DISCRIMINATION,
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112,
### as to YALE-NEW HAVEN HOSPITAL

114. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

115. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

116. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

117. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

**SIXTH CLAIM FOR RELIEF:**
**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60(b)(1),**
**as to YALE-NEW HAVEN HOSPITAL**

118. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

119. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

120. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

**SEVENTH CLAIM FOR RELIEF:**
**IN THE ALTERNATIVE – AIDING AND/OR ABETTING DISCRIMINATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60(b)(5),**
**as to YALE-NEW HAVEN HEALTH SERVICES CORPORATION**

121. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

122. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

123. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

**EIGHTH CLAIM FOR RELIEF:**
**IN THE ALTERNATIVE – AIDING AND/OR ABETTING DISCRIMINATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60(b)(5),**
**as to YALE-NEW HAVEN HOSPITAL**

124. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

125. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

126. The allegations in this Count are directed to another defendant, and no response from Yale University is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims against Yale University, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Yale University, in whole or in part, are barred by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims against Yale University, in whole or in part, are barred by Plaintiff's failure to exhaust her administrative remedies.

### FOURTH DEFENSE

Plaintiff's claims for punitive damages are barred or limited by Yale University's good faith efforts to comply with applicable law.

### FIFTH DEFENSE

Plaintiff's claims for damages are barred or limited because she failed to mitigate her damages.

### SIXTH DEFENSE

Yale University's actions were not the proximate cause of any alleged economic, psychological, or emotional injuries claimed by Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims against Yale University are barred because allowing Plaintiff to continue in a clinical role posed a direct threat to the health and safety of patients.

## EIGHTH DEFENSE

Plaintiff's claims against Yale University regarding a request for a reasonable accommodation are barred because they would impose an undue hardship on Yale University.

Yale University reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

WHEREFORE, Yale University denies any liability and requests judgment in its favor dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorneys' fees, costs of suit, and such other relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED,
THE DEFENDANT,
YALE UNIVERSITY

By: _/s/ Pamela J. Moore_____
    Pamela J. Moore (ct08671)
    Tiffany R. Hubbard (ct28247)
    McCarter & English, LLP
    CityPlace I
    185 Asylum Street
    Hartford, Connecticut 06103
    Tel.:  (860) 275-6700
    Fax:  (860) 724-3397
    Email:  pmoore@mccarter.com
    Email:  thubbard@mccarter.com
    Its Attorneys

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically, this 15th day of May, 2019. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Pamela J. Moore*_____
Pamela J. Moore (ct08671)

ME1 30450776v.1