# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CINDY R. MILLER,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| Plaintiff, | ) | **3:18-cv-01872-JCH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **YALE UNIVERSITY, YALE-NEW** | ) | |
| **HAVEN HEALTH SERVICES** | ) | |
| **CORPORATION, and YALE-NEW** | ) | |
| **HAVEN HOSPITAL,** | ) | **May 22, 2019** |
| | | |
| **Defendants.** | | |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: November 15, 2018

Date Complaint Served: November 27, 2018

Date of Appearance of Defendants' Yale New Haven Hospital ("YNHH") and Yale New Haven

Health Services Corporation ("HSC"): December 11, 2018

Date of Appearance of Defendant Yale University ("Yale"): December 13, 2018

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on

May 16 and 17, 2019. The participants were:

>      Joshua Goodbaum for Cindy Miller

>      Tiffany R. Hubbard for Yale

>      Christine S. Wachter for YNHH and HSC

I.   Certification

>      Undersigned counsel (after consultation with their clients) certify that (a) they have

discussed the nature and basis of the parties' claims and defenses and any possibilities for

achieving a prompt settlement or other resolution of the case; and (b) they have developed the

following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  Jurisdiction

    A.  Subject Matter Jurisdiction

        The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

    B.  Personal Jurisdiction

        Personal jurisdiction is not contested.

III.  Brief Description of Case

    A.  Claims of Plaintiff:

        Despite being born with merosin-deficient muscular dystrophy — a neuromuscular disease that over time has dramatically constrained her movement and ultimately confined her to a wheelchair — Dr. Cindy R. Miller attended medical school, became a Board-certified radiologist, and earned positions as a member of the medical faculties at first Duke University and then Yale University.

        Dr. T. Rob Goodman and Dr. Thomas Balcezak have been trying to take all that away. First, in 2014, after Dr. Goodman became Interim Chairman of Yale's Radiology Department, he discontinued the accommodation Dr. Miller had arranged to allow her to use the restroom during the work day.  Then, in 2017, he administered a review of Dr. Miller's clinical competence that, with Dr. Balcezak's concurrence, resulted in the wrongful revocation of her privileges.  This review violated Yale's internal procedures and breached Dr. Goodman's own promise that a predetermined performance level —which Dr. Miller achieved — would result in the reinstatement of her privileges.

Drs. Goodman and Balcezak are agents of all Defendants in this case, and the Defendants' collective inequitable treatment of Dr. Miller and their repeated refusal to provide her with reasonable accommodations demonstrate bias against Dr. Miller on the basis of her disability.  Accordingly, Dr. Miller has sued for disability discrimination and retaliation, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60.

B.   Defenses and Claims of Defendants:

<u>Yale</u>

Yale denies that any action taken with regard to Dr. Miller's employment was unlawful. Yale did not discriminate against Dr. Miller because of her alleged disability. Dr. Miller's inability to continue to perform her clinical duties has resulted in the reduction in her job responsibilities and commensurate compensation.

Yale asserted the following defenses when it timely filed its answer:

1.   The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.   Plaintiff's claims against Yale, in whole or in part, are barred by the applicable statutes of limitation.

3.   Plaintiff's claims against Yale, in whole or in part, are barred by Plaintiff's failure to exhaust her administrative remedies.

4.   Plaintiff's claims for punitive damages are barred or limited by Yale's good faith efforts to comply with applicable law.

5.   Plaintiff's claims for damages are barred or limited because she failed to mitigate her damages.

ME1 30479438v.1

6.  Yale's actions were not the proximate cause of any alleged economic, psychological, or emotional injuries claimed by Plaintiff.

7.  Plaintiff's claims against Yale are barred because allowing Plaintiff to continue in a clinical role posed a direct threat to the health and safety of patients.

8.  Plaintiff's claims against Yale regarding a request for a reasonable accommodation are barred because they would impose an undue hardship on Yale.

Yale reserves its right to assert further defenses should such further defenses become known to it during the litigation of this action.

YNHH and HSC

YNHH and HSC deny that they employed Plaintiff individually or jointly with Yale. YNHH and HSC further deny that they took any action with regarding to Plaintiff's employment, which was solely with Yale, adverse or otherwise.  YNHH and HSC further deny that they discriminated against Plaintiff on the basis of her disability, or aided and abetted any discriminatory actions by any other Defendant.

YNHH and HSC timely filed an Answer denying all material allegations of the Complaint and alleging the following defenses:

1.  Plaintiff has failed to state a claim upon which relief can be granted.

2.  Plaintiff's claims are barred in whole or in part by the relevant statutes of limitation.

3.  Plaintiff's claims are barred in whole or in part by her failure to sufficiently mitigate her damages.

4.  Plaintiff's claims against Defendants are barred, in whole or in part, by Plaintiff's failure to exhaust her administrative remedies.

5. Each and every decision regarding which Plaintiff complains as was made by Defendants was based on legitimate, non-discriminatory and/or non-retaliatory business reasons.

6. To the extent YNHH and/or HSC denied Plaintiff a reasonable accommodation (and YNHH and HSC expressly deny such was the case), or to the extent YNHH and HSC were obligated to make any accommodation pursuant to the statutes cited in the Complaint, providing the accommodation in question would have resulted in an undue hardship as, among other things, it would have potentially compromised patient safety.

*C.* Defenses and Claims of Third Party Defendants:

Not applicable.

IV. Statement of Undisputed Facts:

Dr. Miller is a radiologist and current faculty member of Yale's School of Medicine. Dr. Miller has muscular dystrophy. Dr. Miller was a practicing clinical radiologist until she was placed on an administrative leave in May 2017.

V. Case Management Plan:

A. Initial Disclosures

Initial disclosures will be served by June 6, 2019.

B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

C. Early Settlement Conference

5

1.      The parties certify that they participated in a mediation with Magistrate Judge Sarah A. L. Merriam on February 7, 2019, and have another mediation scheduled with Judge Merriam on August 6, 2019. The remaining subparagraphs 2-4 of this section are inapplicable because the parties are participating in early settlement conferences.

D.  Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for the resolution of any issues related to the sufficiency of the pleadings.

1.  Plaintiff should be allowed until July 15, 2019, to join additional parties and until August 12, 2019, to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2.  Defendants should be allowed until September 30, 2019, to file motions to join additional parties and until September 10, 2019, to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of cause for the delay.

E.  Discovery

a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the court of the following information regarding the "needs of the case:"

Plaintiff's Position:

Plaintiff intends to seek discovery concerning, among other things, the Defendants' 2017 review of her clinical competence, their decisions to place her on leave from her clinical duties,

and their review of her pending application for clinical privileges.  Plaintiff also intends to seek

discovery concerning Defendants' review of other physicians' clinical competence.  This

discovery will include requests for patient records and other physicians' evaluation of Plaintiff's

or others' analysis of those patient records and therefore may implicate one or more privileges

from discovery (including, most especially, for private health information).  Plaintiff stands

ready to work with the Defendants to ensure that the privacy of health information is protected

while also allowing Plaintiff the meaningful opportunity to challenge Defendants' assertions that

allowing her to practice medicine threatened patient safety and to show that she was treated

differently because of her disability.  In addition, Plaintiff intends to seek discovery concerning:

Plaintiff's requests for reasonable accommodations throughout her employment with Defendants

and Defendants' responses thereto; the process by which YNHH reviews applications for clinical

privileges, including the application(s) of Plaintiff; the process by which Defendants review the

clinical competence of members of their medical staffs, including especially within their

respective Departments of Radiology & Biomedical Imaging; and the formal and functional

relationships between the Defendants, particularly with respect to their respective Departments

of Radiology & Biomedical Imaging and the role of the Chair within each. Plaintiff opposes

YNHH/HSC taking the proposed limited deposition of Plaintiff early in the discovery phase

because, among other reasons: (1) it will be impossible to conduct a limited deposition (that is, to

examine Plaintiff regarding joint employment without discussing the substance of the case); (2)

Plaintiff has already noticed three depositions of Defendants' witnesses, which should take

priority; and (3) discovery limited to the issue of joint employment will not facilitate the prompt

resolution of any dispositive issues nor allow any Defendant the possibility of complete

dismissal, because Plaintiff has sued YNHH and HSC as both her joint employer and, in the alternative, as an aider and abettor of Yale University as her employer.

Defendants' Position:

Defendants intend to seek discovery regarding Plaintiff's alleged employment with each Defendant; Plaintiff's alleged disability, including medical records regarding the same; Plaintiff's ability to perform the essential functions of her job and any limitations or impairments; the alleged adverse employment actions that each Defendant allegedly took against Plaintiff; Plaintiff's ability to reinstate her clinical privileges at YNHH; Plaintiff's alleged damages, including Plaintiff's claim for emotional distress damages; Plaintiff's mitigation of damages; and Defendants' defenses. Defendants reserve the right to seek discovery on other subjects related to Plaintiff's claims and/or their defenses thereto. Defendants further reserve the right to object to Plaintiff's discovery requests, including with regard to those subjects detailed about under "Plaintiff's Position." Early in the discovery phase, Defendants YNHH/HSC anticipate taking the deposition of Plaintiff limited to the issue of the identity of Plaintiff's employer or alleged joint employer to streamline discovery and the disputed issues. In the event YNHH/HSC are not joint employers with Yale, the discovery relevant to them would be significantly curbed and tailored to the issue of whether anyone employed by them "aided and abetted" discriminatory actions. Liability would also be potentially impacted in a significant way. YNHH/HSC has researched this issue of alleged joint employment in this context and is ready to provide the court with a memorandum outlining case law holding that peer review programs, such as the program at YNHH referenced in Plaintiff's Complaint, do not constitute exercises in control sufficient to establish an employment relationship. Defendants dispute Plaintiff's position that the fact that she served deposition notices on Defendants' witnesses on

May 17, 2019 (before discovery commenced), for deposition dates in August 2019, precludes Defendants from noticing depositions for the months of June or July 2019.

b.      The parties anticipate that discovery will be needed on the subjects as outlined above.

c.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by May 22, 2019 and completed (not propounded) by April 15, 2020.

d.      Discovery will not be conducted in phases.

e.      The parties anticipate that Plaintiff will require a total of 5-10 depositions of fact witnesses, and that Defendants will require a total of 5 to 10 depositions of fact witnesses. The depositions of fact witnesses will be completed by February 28, 2020.

f.      The parties will not request permission to serve more than 25 interrogatories.

g.      Plaintiff intends to call expert witnesses at trial. Defendants intend to call expert witnesses at trial.

h.       Plaintiff will disclose her expert witnesses pursuant to Rule 26(a)(2) and provide the expert witnesses' reports by January 15, 2020, and depositions of those expert witnesses will be completed by March 16, 2020.

i.      Defendants will disclose their experts pursuant to Rule 26(a)(2) by April 15, 2020, provide the expert witnesses' reports by May 15, 2020, and depositions of those expert witnesses will be completed by June 15, 2020. The parties have discussed the possibility that Plaintiff will want to notice rebuttal experts, either in response to Defendants' experts or in response to issues raised during fact discovery after January 15, 2020; Plaintiff reserves the right to seek leave from the Court to disclose such additional experts, if any.

j.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by June 17, 2019.

k.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

1.    Without prejudice to any objections that may be made to discovery requests, Plaintiff and Yale agree to preserve relevant electronically stored records (as they may exist) from January 1, 2015, except that electronically stored records for custodians Dr. Cindy Miller and Dr. T. Rob Goodman shall be preserved from January 1, 2013. YNHH agrees, without prejudice to any objections that may be made to discovery requests, to preserve relevant electronically stored records regarding Plaintiff, including electronically stored communications for custodian Dr. Thomas Balcezak (to the extent they exist), from January 1, 2015. The Parties shall take steps to prevent the destruction of potentially relevant electronically stored information. The parties agree that there is no need to preserve nor are they entitled to discovery of ESI that is "not reasonably accessible." ESI that is "not

reasonably accessible" includes, but is not limited to, fragmented data, deleted data, and back-up information and tapes. The parties agree that if "not reasonably accessible" data is sought then the party requesting the ESI at issue shall bear the costs of the production thereof.

2.  Plaintiff further agrees to preserve her medical records (as they may exist) and related documents, whether in ESI, paper or other non-electronic forms, from the onset of her muscular dystrophy and any other diagnosis, condition, or symptom, and any and all testing or diagnostics concerning the same.

3.  Documents (if requested in the discovery process and otherwise non-objectionable) will be made available in PDF format, if feasible.

4.  In the event the documents requested are voluminous, the parties agree to consult regarding the method of production. If the creation or revision date/time, or authorship of a document is unclear from the document in PDF format, or the document is not conducive to being produced in PDF (e.g., large, multi-tab spreadsheets), the parties agree to confer on the method of production.

5.  The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law. All parties agree to instruct the parties to preserve these records. As more information becomes available, the parties will confer and agree on other or specific costs of electronic discovery.

l.      Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation,

11

disclosure and management of such information: Plaintiff will not delete or destroy any documents concerning her employment or medical condition, or alleged damages, that are currently within her control.

      m.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to follow the procedures set forth in the Standing Protective Order (Doc. No. 6) issued by the Court.

F.  Other Scheduling Issues

      The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: None.

G.  Summary Judgment Motions:

      Summary judgment motions, which must comply with Local Rule 56, will be filed no later than 30 days after the close of all discovery, including expert discovery.

H.  Joint Trial Memorandum

      The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than 45 days after the Court's decision on any summary judgment motion.

VI.    Trial Readiness.

      The case will be ready for trial by not later than 30 days after the filing of the Joint Trial Memorandum.

ME1 30479438v.1

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff Cindy Miller

By: Joshua R. Goodbaum_____        Date: May 22, 2019_____

Defendant Yale University

By: Tiffany R. Hubbard_____        Date: May 22, 2019_____

Defendants Yale New Haven Health Services Corporation and Yale New Haven Hospital

By: Christine S. Wachter_____        Date: May 22, 2019_____

ME1 30479438v.1