# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CINDY R. MILLER,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **Plaintiff,** | ) | **3:18-cv-01872-JCH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **YALE UNIVERSITY, YALE-NEW** | ) | |
| **HAVEN HEALTH SERVICES** | ) | |
| **CORPORATION, and YALE-NEW** | ) | |
| **HAVEN HOSPITAL,** | ) | **July 29, 2019** |
| | | |
| **Defendants.** | | |

## YALE UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

Defendant Yale University ("Yale"), by and through its attorneys, McCarter & English, LLP, responds to the numbered paragraphs of Plaintiff's First Amended Complaint as follows:

## I.     INTRODUCTION

1.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the matter of the allegations in Paragraph 1, except admits Plaintiff went to medical school, became a radiologist, and became a Yale University faculty member.

2.     Denies the allegations in Paragraph 2, except lacks knowledge or information sufficient to form a belief as to the truth of the matter concerning the allegations as to Dr. Balcezak and these allegations are directed at another defendant.

3.     Denies the allegations in Paragraph 3.

4.     Denies the allegations in Paragraph 4, except admits Plaintiff has filed a Complaint alleging disability discrimination under the ADA and CFEPA.

5.     Denies the allegations in Paragraph 5, except admits Plaintiff has filed an amended complaint to add breach of contract and promissory estoppel claims.

6.      The allegation in Paragraph 5 is a request for jury trial to which no response is required.

## II.      **JURISDICTION AND VENUE**

7.      Admits the allegations in Paragraph 7.

8.      Admits the allegations in Paragraph 8.

9.      Admits the allegations in Paragraph 9.

## III.      **PARTIES**

10.      Admits the allegations in Paragraph 10.

11.      Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, except admits that Plaintiff has a form of muscular dystrophy that requires her to use a wheelchair.

12.      Denies the allegations in Paragraph 12, except admits that certain employees of Yale University were aware that Dr. Miller had a form of muscular dystrophy and lacks knowledge or information sufficient to form a belief as to the truth of the matter as to what Yale-New Haven Health Services Corporation or Yale-New Haven Hospital (collectively "YNHH") knew.

13.      Denies the allegations in Paragraph 13.

14.      Admits that Yale University is a specially chartered and tax-exempt not-for-profit Connecticut corporation.

15.      Admits the allegations in Paragraph 15.

16.      Admits the allegations in Paragraph 16.

17.      The allegations in Paragraph 17 are directed at another defendant and no response from Yale is required.

2

18.     The allegations in Paragraph 18 are directed at another defendant and no response from Yale is required.

19.     The allegations in Paragraph 19 are directed at another defendant and no response from Yale is required.

20.     The allegations in Paragraph 20 are directed at another defendant and no response from Yale is required.

21.     The allegations in Paragraph 21 are directed at another defendant and no response from Yale is required.

22.     The allegations in Paragraph 22 are directed at another defendant and no response from Yale is required.

23.     The allegations in Paragraph 23 are directed at another defendant and no response from Yale is required.

24.     The allegations in Paragraph 24 are directed at other defendants and no response from Yale is required.

25.     Denies the allegations in Paragraph 25, except admits that Plaintiff is an employee of Yale University.

26.     The allegations in Paragraph 26 are directed at other defendants and no response from Yale is required.

**IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES**

27.     Admits the allegations in Paragraph 27.

28.     Denies the allegations in Paragraph 28.

29.     The document speaks for itself.

30.     Admits the allegations in Paragraph 30.

ME1 31063468v.1

IV.     **STATEMENT OF FACTS**

31.     Admits the allegations in Paragraph 31.

32.     Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32.

33.     Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33.

34.     Denies the allegations in Paragraph 34, except admits that Plaintiff's appointment was in the Department of Radiology and that her assigned duties were as stated; avers the Plaintiff has been and remains unable to perform such duties as of the date of this Answer.

35.     Denies the allegations in Paragraph 35 and avers that Plaintiff has been and remains unable to perform her clinical work at YNHH as of the date of this Answer.

36.     Denies the allegations in Paragraph 36.

37.     Admits the allegations in Paragraph 37.

38.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 38.

39.     Admits that Dr. Brink was chair of the Department of Radiology and Biomedical Imagining in 2004; lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the remaining allegations in Paragraph 39.

40.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 40.

41.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 41.

42.     Admits the allegations in Paragraph 42.

43.     Denies the allegations in Paragraph 43, except admits that having other Yale employees provide Plaintiff assistance in the bathroom was not an appropriate or reasonable accommodation and that Dr. Goodman so informed the Plaintiff.

44.     Denies the allegations in Paragraph 44, except admits that Dr. Goodman told Plaintiff she would be placed on leave to allow her time to arrange for a personal care assistant to assist her with her bathroom needs.

45.     Denies the allegations in Paragraph 45, except admits that Dr. Goodman agreed that Plaintiff's personal care assistant was the appropriate individual to assist her with her bathroom needs, and Dr. Goodman noted that the assistant would need to be in close proximity to the worksite to be effective as such an assistant.

46.     Denies the allegations in Paragraph 46 that the arrangement was not workable, and lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the remaining allegations in Paragraph 46.

47.     Admits the allegations in Paragraph 47.

48.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 48.

49.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 49.

50.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 50.

51.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 50.

ME1 31063468v.1

52.     Denies the allegations in Paragraph 52, except admits Dr. Geschwind left Yale University on June 1, 2017, and Dr. Goodman was named the Interim Chair of the Department.

53.     Denies the allegations in Paragraph 53, except admits Plaintiff was placed on paid administrative leave by Yale University in May 2017.

54.     Admits the allegations in Paragraph 54.

55.     Denies the allegations in Paragraph 55.

56.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding the allegations in Paragraph 56.

57.     Denies the allegations in Paragraph 57.

58.     Denies the allegations in Paragraph 58.

59.     Denies the allegations in Paragraph 59.

60.     Denies the allegations in Paragraph 60, except admits that Plaintiff received the specific awards referenced.

61.     Admits the allegations in Paragraph 61, and avers that no faculty members in the Department of Radiology and Biomedical Imaging receive formal performance evaluations.

62.     Denies the allegations in Paragraph 62 to the extent they imply Plaintiff was an employee of YNHH, admits that among other duties, Plaintiff's duties included reviewing plain films and CT scans.

63.     Lacks knowledge or information sufficient to form a belief as to the specific allegations in Paragraph 63, except admits that Plaintiff was told that she had missed findings and that her authority to read CT scans was being revoked absent an acceptable remediation plan which would enable her to perform the essential functions of her position.

ME1 31063468v.1

64. Denies the allegations in Paragraph 64 because it suggests an acceptable remediation plan was even available which inference is denied.

65. Denies the allegations in Paragraph 65, except admits that for a short period of time Plaintiff read plain films.

66. Denies the allegations in Paragraph 66 to the extent it refers back to the allegations in Paragraph 65, but admits the remaining allegations in Paragraph 66.

67. Denies the allegations in Paragraph 67.

68. Admits the allegations in Paragraph 68.

69. Denies the allegations in Paragraph 69.

70. Denies the allegations in Paragraph 70.

71. Denies the allegations in Paragraph 71.

72. Denies the allegations in Paragraph 72.

73. Denies the allegations in Paragraph 73.

74. Denies the allegations in Paragraph 74.

75. Denies the allegations in Paragraph 75.

76. Denies the allegations in Paragraph 76, except lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's motive.

77. Admits the allegations in Paragraph 77.

78. Denies the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79.

80. Admits the allegations in Paragraph 80.

81. Denies the allegations in Paragraph 81.

82. Denies the allegations in Paragraph 82.

83.     Denies the allegations in Paragraph 83.

84.     Denies the allegations in Paragraph 84, except admits that Plaintiff was told that the results of the external testing would be provided to the IPQPRC.

85.     Denies the allegations in Paragraph 85.

86.     Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 86, except admits Plaintiff presented documents purported to be testing by her provider.

87.     Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87.

88.     Admits the allegations in Paragraph 88.

89.     Lacks knowledge or information concerning what Dr. Miller knew sufficient to form a belief as to the allegations in Paragraph 89, except admits the Mayo Clinic conducted an accurate and valid assessment of her radiology skills, the remainder of the allegations are denied.

90.     Denies the allegations in Paragraph 77, except admits that Dr. Hawkins did not endorse Dr. Miller's MGH practitioner's conclusions.

91.     Admits the allegations in Paragraph 91.

92.     Lacks knowledge or information sufficient to form a belief as to the truth of the matter regarding what Dr. Balcezak said, admits that Plaintiff met with Drs. Goodman and Balcezak.

93.     The allegations in Paragraph 93 do not relate to Yale University and no response is required.

94.     The allegations in Paragraph 94 do not relate to Yale University and no response is required.

95.     The allegations in Paragraph 95 do not relate to Yale University and no response is required.

96.     Denies the allegations in Paragraph 96, except admits that Dr. Goodman offered Plaintiff the option of changing her medical staff status to "refer and follow," and the refer and follow form speaks for itself.

97.     Denies the allegations in Paragraph 97, and avers that the form speaks for itself.

98.     Denies the allegations in Paragraph 98, except admits that Plaintiff and Dr. Goodman had a discussion about the difference between clinical and non-clinical facility salaries, which included reference to the base salary for a non-clinical facility position.

99.     Denies the allegations in Paragraph 99, except admits that Dr. Goodman provided Plaintiff with the requested contact information to discuss the availability of disability benefits.

100.    Denies the allegations in Paragraph 100.

101.    Denies the allegations in Paragraph 101 to the extent it implies Plaintiff told Dr. Goodman she refused to sign the form, admits Plaintiff never returned the form and chose instead to allow her privileges to lapse.

102.    The allegations in Paragraph 102 do not relate to Yale University and no response is required.

103.    Denies the allegations in Paragraph 103, except admits that Plaintiff's salary was reduced commensurate with her inability to perform clinical duties.

104.    Denies the allegations in Paragraph 104.

105.    Denies the allegations in Paragraph 105 as they pertain to Yale University; lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 105.

ME1 31063468v.1

106.     Admits the allegations in Paragraph 106.

107.     Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 107, except avers that any document concerning notice of service speaks for itself.

108.     The allegations in Paragraph 108 are legal conclusions to which no response is required.

109.     Denies the allegations in Paragraph 109; avers that any salary reduction sustained by Plaintiff was caused by her inability to perform her clinical duties in a manner that did not pose a direct threat to the patients whose films and CT scans she was interpreting.

110.     Denies the allegations in Paragraph 110, except avers Plaintiff's clinical privileges lapsed on December 31, 2017.

111.     Denies that Dr. Goodman's letter to Plaintiff was in response to Plaintiff's filing of her administrative complaint, but admits the content of the letter and avers that the document speaks for itself.

112.     Admits the allegations in Paragraph 112.

113.     Denies the allegations in Paragraph 113.

## V.     LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF:
### DISABILITY DISCRIMINATION,
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12112,
### as to YALE UNIVERSITY

114.     Yale University incorporates by reference its answers to all preceding allegations as if fully pled in this Count.

115.     Denies the allegations in Paragraph 115.

116.     Denies the allegations in Paragraph 116.

117.     Denies the allegations in Paragraph 117.

ME1 31063468v.1

**SECOND CLAIM FOR RELIEF:**
**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60(b)(1),**
**as to YALE UNIVERSITY**

118.    Yale University incorporates by reference its answers to all preceding allegations as if fully pled in this Count.

119.    Denies the allegations in Paragraph 119.

120.    Denies the allegations in Paragraph 120.

**THIRD CLAIM FOR RELIEF:**
**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,**
**42 U.S.C. § 12112,**
**as to YALE-NEW HAVEN HEALTH SERVICES CORPORATION**

121.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

122.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

123.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

124.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

**FOURTH CLAIM FOR RELIEF:**
**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60(b)(1),**
**as to YALE-NEW HAVEN HEALTH SERVICES CORPORATION**

125.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

ME1 31063468v.1

126.     The allegations in this Count are directed to another defendant, and no response from Yale University is required.

127.     The allegations in this Count are directed to another defendant, and no response from Yale University is required.

## FIFTH CLAIM FOR RELIEF:
### DISABILITY DISCRIMINATION,
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12112,
### as to YALE-NEW HAVEN HOSPITAL

128.     The allegations in this Count are directed to another defendant, and no response from Yale University is required.

129.     The allegations in this Count are directed to another defendant, and no response from Yale University is required.

130.     The allegations in this Count are directed to another defendant, and no response from Yale University is required.

131.     The allegations in this Count are directed to another defendant, and no response from Yale University is required.

## SIXTH CLAIM FOR RELIEF:
### DISABILITY DISCRIMINATION,
### IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,
### CONN. GEN. STAT. § 46a-60(b)(1),
### as to YALE-NEW HAVEN HOSPITAL

132.     The allegations in this Count are directed to another defendant, and no response from Yale University is required.

133.     The allegations in this Count are directed to another defendant, and no response from Yale University is required.

ME1 31063468v.1

134.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

**SEVENTH CLAIM FOR RELIEF:**
**IN THE ALTERNATIVE – AIDING AND/OR ABETTING DISCRIMINATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60(b)(5),**
**as to YALE-NEW HAVEN HEALTH SERVICES CORPORATION**

135.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

136.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

137.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

**EIGHTH CLAIM FOR RELIEF:**
**IN THE ALTERNATIVE – AIDING AND/OR ABETTING DISCRIMINATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60(b)(5),**
**as to YALE-NEW HAVEN HOSPITAL**

138.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

139.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

140.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

ME1 31063468v.1

**NINTH CLAIM FOR RELIEF:**
**RETALIATION,**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,**
**42 U.S.C. § 12203,**
**as to YALE UNIVERSITY**

141.    Yale University incorporates by reference its answers to all preceding allegations as if fully pled in this Count.

142.    Denies the allegations in Paragraph 142.

143.    Denies the allegations in Paragraph 143.

144.    Denies the allegations in Paragraph 144.

**TENTH CLAIM FOR RELIEF:**
**RETALIATION,**
**IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46A-60(b)(4),**
**as to YALE UNIVERSITY**

145.    Yale University incorporates by reference its answers to all preceding allegations as if fully pled in this Count.

146.    Denies the allegations in Paragraph 146.

147.    Denies the allegations in Paragraph 147.

**ELEVENTH CLAIM FOR RELIEF:**
**BREACH OF CONTRACT,**
**as to YALE UNIVERSITY**

148.    Yale University incorporates by reference its answers to all preceding allegations as if fully pled in this Count.

149.    Denies the allegations in Paragraph 149.

150.    Denies the allegations in Paragraph 150.

151.    Denies the allegations in Paragraph 151.

152.    Denies the allegations in Paragraph 152.

ME1 31063468v.1

**TWELFTH CLAIM FOR RELIEF:**
**PROMISSORY ESTOPPEL,**
**as to YALE UNIVERSITY**

153.    Yale University incorporates by reference its answers to all preceding allegations as if fully pled in this Count.

154.    Denies the allegations in Paragraph 154.

155.    Denies the allegations in Paragraph 155.

156.    Denies the allegations in Paragraph 156.

157.    Denies the allegations in Paragraph 157.

158.    Denies the allegations in Paragraph 158.

**THIRTEENTH CLAIM FOR RELIEF:**
**BREACH OF CONTRACT,**
**as to YALE-NEW HAVEN HEALTH SERVICES CORPORATION**

159.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

160.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

161.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

162.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

163.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

ME1 31063468v.1

**FOURTEENTH CLAIM FOR RELIEF:**
**PROMISSORY ESTOPPEL,**
**as to YALE-NEW HAVEN HEALTH SERVICES CORPORATION**

164.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

165.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

166.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

167.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

168.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

169.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

**FIFTEENTH CLAIM FOR RELIEF:**
**BREACH OF CONTRACT,**
**as to YALE-NEW HAVEN HOSPITAL**

170.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

171.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

172.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

ME1 31063468v.1

173.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

174.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

### SIXTEENTH CLAIM FOR RELIEF:
### PROMISSORY ESTOPPEL,
### as to YALE-NEW HAVEN HOSPITAL

175.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

176.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

177.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

178.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

179.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

180.    The allegations in this Count are directed to another defendant, and no response from Yale University is required.

ME1 31063468v.1

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims against Yale University, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Yale University, in whole or in part, are barred by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims against Yale University, in whole or in part, are barred by Plaintiff's failure to exhaust her administrative remedies because she failed to file a retaliation claim with the CHRO and the EEOC.

### FOURTH DEFENSE

Plaintiff's claims for punitive damages are barred or limited by Yale University's good faith efforts to comply with applicable law.

### FIFTH DEFENSE

Plaintiff's claims for damages are barred or limited because she failed to mitigate her damages.

### SIXTH DEFENSE

Yale University's actions were not the proximate cause of any alleged economic, psychological, or emotional injuries claimed by Plaintiff.

### SEVENTH DEFENSE

Plaintiff's claims against Yale University are barred because allowing Plaintiff to continue in a clinical role posed a direct threat to the health and safety of patients.

## EIGHTH DEFENSE

Plaintiff's claims against Yale University regarding a request for a reasonable accommodation are barred because they would impose an undue hardship on Yale University.

## NINTH DEFENSE

Plaintiff's claim against Yale University for breach of contract is barred for failure of consideration.

## TENTH DEFENSE

Plaintiff's claim against Yale University for breach of contract is barred by the doctrine of estoppel.

## ELEVENTH DEFENSE

Plaintiff's claim against Yale University for breach of contract is barred by the doctrine of impossibility and/or frustration of purpose where important additional information underlying Plaintiff's clinical errors, which was unknown and unforeseen by Yale University at the time of the meeting where Plaintiff alleges Dr. Goodman made the statement in Paragraphs 68 and 69, was later discovered.

## TWELFTH DEFENSE

Plaintiff's claim against Yale University regarding breach contract is barred because the alleged contract, to the extent one exists which is denied, was modified by the parties by mutual agreement as evidenced by the conduct of the parties.

## THIRTEENTH DEFENSE

Plaintiff's claim against Yale University regarding breach contract is barred by the statute of frauds.

<u>FOURTEENTH DEFENSE</u>

Plaintiff's claim against Yale University regarding breach contract is void as against public policy.

Yale University reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

WHEREFORE, Yale University denies any liability and requests judgment in its favor dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorneys' fees, costs of suit, and such other relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED,
THE DEFENDANT,
YALE UNIVERSITY

By: _/s/ Pamela J. Moore_
Pamela J. Moore (ct08671)
Tiffany R. Hubbard (ct28247)
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Tel.:  (860) 275-6700
Fax:  (860) 724-3397
Email:  pmoore@mccarter.com
Email:  thubbard@mccarter.com
Its Attorneys

20

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was filed electronically, this 29th day of July, 2019. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>*/s/ Pamela J. Moore*</u>
Pamela J. Moore (ct08671)

ME1 31063468v.1